WILLIAM R. HUNTER *vs.* NARRAGANSETT ELECTRIC
LIGHTING CO.

WILLIAM R. HUNTER, p. a. *vs.* SAME.

MARY I. HUNTER, Gdn. *vs.* SAME.

JUNE 21, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Barrows, JJ.

STEARNS, C. J.   These three suits are brought to recover damages for injuries sustained March 14, 1925, by one William R. Hunter, while he was working as a structural steel worker in the construction of a new boiler house of defendant in Providence.   The declarations and the questions raised in the cases are alike.

The declarations allege that the defendant was the owner of a steel framed building which was then in process of erection; that D. E. McIntire, Inc. was the general contractor in charge of the erection and Bancroft-Jones Corporation, was a subcontractor engaged in erecting the structural steel work; that the space between the girders or floor beams of each floor of said building was not covered by the permanent construction of said floor before another story was added to said building; that it was the duty of the defendant by reason of Chapter 93, General Laws 1923, to place and maintain a close board flooring over the space between the girders or floor beams of each floor from the time the girders or floor beams were placed in position until the said permanent construction was applied; that the defendant negligently failed in this duty, and as a result of its negligence plaintiff William R. Hunter fell from a girder on which he was working, one hundred feet to the ground

level of said building and suffered the injuries complained of. The second count of each declaration in addition alleges that the beams and girders of the floor on which plaintiff was working had already been placed in position prior to the accident, and that because of defendant's negligent failure to place and maintain a close board flooring on the said floor, plaintiff fell to the ground and was injured. Defendant's demurrers to the declarations were sustained in the Superior Court. The cases are here on plaintiffs' bills of exceptions.

Chapter 93 of the General Laws is entitled "Of the Protection of Employees During the Erection of Buildings." Section 1 on which plaintiffs rely to support the actions, is as follows: "If in the erection of an iron or steel framed building the spaces between the girders or floor beams of any floor are not filled or covered by the permanent construction of said floors, by the contractor or the owner of such building, before another story is added to the building, a close board flooring shall be placed and maintained over such spaces, from the time when the beams or girders are placed in position until said permanent construction is applied."

The first question raised by the demurrers is, does the act operate upon both the owner and the contractor, or does it require the one actually erecting the building to place and maintain the board flooring? Section 4 provides that every person who violates any provision of this chapter shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than twenty-five nor more than two hundred dollars.

This is a penal statute and hence is to be strictly construed. The reason for this rule of strict construction is apparent. Justice requires that when an act or a failure to act is made penal by authority of the legislature, the new duty thus prescribed shall be clearly defined. In view of the constantly increasing number of penal laws and municipal ordinances, there is no justification in the judicial con-

struction of such laws for any enlargement of a newly created penal offence by implication. The construction of a penal statute must be fair and not strained and, of course, must be the same whether the particular proceeding is to enforce a penalty or a right in a civil action based on the statutory duty. The statute in question does not declare whose the duty is, nor who is to be held responsible for any neglect to place a board flooring; nor does it appear with any certainty when the duty to lay such flooring arises. It provides that if a permanent floor is not laid on one level "before another story is added to the building" a close board flooring shall be placed over the open spaces from the time when the beams or girders are placed in position. A story is defined in Webster's Dictionary as the habitable space between two floors. The permanent construction on one level is thus apparently not required to be made until the laying of girders or beams on the next level above is at least begun and thereby the outline of another story becomes visible. The uncertainty of the statute is further increased by Section 3, which provides that such openings may be left in the floors during construction as may be "reasonably required" for the proper construction of such building and for the raising and lowering of materials to be used in construction. Surely an owner not having the control of the erection of the building could not be expected to decide the reasonable requirements for such openings. If both the owner and the contractor in control of operations are intended to be subject to the statutory duty, the question at once arises who is to decide what openings are proper in case a difference of opinion should arise between them. Suppose too large an opening or one which was not reasonably required were left in the floor. It would be a strange result indeed if an owner who had objected to an opening which in fact was unreasonable should later be held liable for failure to maintain a proper board flooring. From the title and the provisions of the act the legislative intent appears to have been to provide for increased safety for a particular class of em-

ployees for a period limited to the time in which an iron or steel framed building is being erected. The statutory duty is appurtenant and limited to the erection of the building. The danger for which protection is provided arises from the method of construction. This is generally the business of the contractor or builder. The owner usually requires only results and leaves the method of work to the contractor.

The statute is ambiguous. It was enacted. in 1912 but we are informed it has never been before the courts for construction until these cases were brought.

We are of the opinion that an owner who is not in control of the method of the erection of a building, either directly or indirectly, is clearly not included within the obligations of the statute. As this was the situation in the cases at bar, it follows that the defendant, the owner of the building, violated no duty which it owed to the plaintiff William R. Hunter.

In view of our conclusion on this question, it is unnecessary to consider the other grounds of demurrer.

The exceptions of the plaintiff in each case are overruled and each case is remitted to the Superior Court for further proceedings.

*Fitzgerald & Higgins, Walter V. Moriarty*, for plaintiffs.

*Claude R. Branch, Ronald B. Smith, Edwards & Angell*, for defendant.