[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DESCISION
The matter before the Court is the petition of the plaintiffs Suzanne Worrell Gemma and the Rhode Island Department of Employment and Training seeking a declaratory judgment that contractually retained legal services do not constitute "employment" as that term is defined in Rhode Island General Law36-14-5(o) (the "Revolving Door Statute").
Although the Amended Complaint states seven separate theories of recovery and prays for various forms of relief, the single issue to be addressed by this decision, as agreed to by the parties, is the specific prayer that this Court declare whether counsel being engaged as an independent contractor within one year of leaving state employment violates the Revolving Door Statute. Because the parties have asserted that an expeditious decision is required because of imminent hearings with the United States Government, this Court is not in a position to respond in detail to the various arguments advanced by counsel for both sides. The facts that give rise to this action; in essence, are not in dispute.
Suzanne Worrell Gemma is the former Deputy Legal Counsel to Governor Sundlun. In that role, she worked on several cases for the state. After the termination of her state employment, she continued to work on two of the same cases she handled while in state employ, although she now represented the state as an independent attorney in private practice.
Ms. Gemma applied to the Ethics Commission for an advisory opinion on the legality of her continued representation of the state in the two legal matters maintained after leaving her state employment. Advisory opinion No. 93-23 prohibited Ms. Gemma for continuing her representation for one year after resigning from her state position. This appeal followed that advisory opinion, along with a request for declaratory judgment.
The statute at issue in this case is R.I.G.L. §35-14-5(o) which reads:
 "No person holding a senior policy-making, discretionary, or confidential position on the staff of any state elected official or the general assembly shall seek or accept by any other employment by any state agency as defined in § 36-14-2(4)(a), while serving as such policy-making, discretionary, or confidential staff member and for a period of one (1) year after leaving such state employment as a member of the state elected official's or the general assembly's senior policy-making, discretionary, or confidential staff."
This statute is also referred to as the Revolving Door Statute.
The plaintiffs characterize R.I.G.L. § 36-14-5 as a penal statute because it "restricts, and, in some cases, criminally sanctions certain behavior." The defendants agree with this characterization of the statute as penal. Traditionally, penal statutes receive strict construction. Hunter v. NarragansettElectric Light Co., 50 R.I. 196, 146 A. 624 (1929). Therefore, since R.I.G.L. § 36-14-5(o) is a penal statute, the plaintiffs urge the Court to narrowly construe the term "employment" to include only "employees," as defined in R.I.G.L. § 36-14-2(3), which reads as follows:
 "(3) `Employees of state and local government, of boards, commissions and agencies' means any full-time or part-time employees in the classified, non-classified and unclassified service of the state or of any city or town within the state, any individuals serving in any appointed state or municipal position, and any employees of any public or quasi-public state or municipal board, commission or corporation;"
The services to the state by Ms. Gemma, the plaintiffs claim, would not fit into this narrow definition of "employment" because they are contractual services such as would be performed by an independent contractor, as distinguished from an employee. According to the plaintiffs, normal characteristics of employee status, such as inclusion on the state's payroll with associated benefits and state control over the individual's professional actions are absent. Instead, the plaintiffs argue that Ms. Gemma is only "providing individual legal services for a specific matter."
As argued by the plaintiffs, because Ms. Gemma is merely an independent contractor and is not an employee of the state, she is not accepting "employment" from a state agency as prohibited by R.I.G.L. § 36-14-5(o).
The plaintiffs further contend that if the defendants prevail, there will be a "crippling" effect on state hiring practices since, under a broad definition of employment, all former employees would be prohibited from dealing with the state in any capacity whatsoever within one year of the termination of their state positions. The plaintiffs argue that this result is both undesirable and unnecessary.
The defendants, conversely, argue for a broad reading of "employment" as used within the Code of Ethics. This reading is warranted, the defendants maintain, because of the main purpose behind the Revolving Door statute, to broadly prohibit conflicts of interest. Furthermore, because "employment" is not defined in the statute, the defendants urge that the plain meaning of the word be applied, a meaning which would encompass more than just the technical definition of "employee" suggested by the plaintiffs. Accepting the Commission's invitation, Webster
defines employment as "activities in which one is employed; the act of employing: the state of being employed."
A strict construction of the statute compels the Court to conclude that since she is not a "full-time or part-time employee in the classified, non-classified or unclassified service of the state . . .", her activities as an independent contractor do not qualify as "any other employment" which is prohibited by the statute. It is the legislatures role, if it so chooses, to add more inclusive or definitive language to R.I.G.L. 36-14-5; language like it used in some of the other subsections of the same statute. An overly and unnecessarily broad interpretation of a penal statute, which is contrary to accepted practices of statutory construction, is not the proper relief. In essence, that would be the result if the Court accepted the arguments of the Rhode Island Ethics Commission.
This Court does declare that Suzanne Worrell Gemma is not in violation of R.I.G.L. 36-14-5(o) by rendering services as an independent contractor to the Rhode Island Department of Employment and Training.
Counsel shall prepare and submit a judgment consistent with this decision.